579, 62 L.Ed.2d 516 (1980), rev'g 272 N.W.2d 888 (Minn.1978), where the state had an even greater interest in providing a forum for a resident who had suffered serious personal injury, the United States Supreme Court found minimum contacts lacking.

The final factor listed by the court in *Aftanase* is the convenience of the parties. We have stated that whenever minimum contacts are present jurisdiction should be exercised unless the court finds that Minnesota jurisdiction is improper on *forum non conveniens* grounds. *Hardrives, Inc. v. City of LaCrosse, Wisconsin*, 240 N.W.2d at 820. We need not reach this consideration in the case at bar because we hold that minimum contacts sufficient to satisfy constitutional requirements for the exercise of personal jurisdiction are not present.

Respondent's complaint should be dismissed.

Reversed.

IT IS HEREBY ORDERED:

1. The respondent, Patrick R. Sweeney, is hereby publicly reprimanded for misconduct relating to the failure to properly maintain client-trust account and records thereof.

2. Respondent will pay over to the Lawyers Trust Account Board, within 30 days of the Board's establishment of accounts to receive payments, the interest accrued on his Northern Federal Savings Account in the years 1978 and 1979 totaling $135.00.

3. Respondent shall not be required to take the professional responsibility portion of the bar exam.

4. Neither parties may tax or assess costs or disbursements in this matter.

COYNE, J., took no part in the consideration or decision of this case.

**In the Matter of the Petition for Disciplinary Action against Patrick R. SWEENEY, A Minnesota Lawyer.**

No. C8–82–672.

Supreme Court of Minnesota.

May 3, 1983.

ORDER FOR PUBLIC REPRIMAND

The above-entitled matter is before this court upon petition of Lawyers Professional Responsibility Board, and

The petitioner and respondent have entered into a stipulation as to final disposition of this matter, and

This court being fully satisfied as to the terms and conditions of said stipulation,

NOW, THEREFORE, based upon the records, files, proceedings herein and the stipulation of the parties,

**In the Matter of the Application for the DISCIPLINE OF Mark Elliot WERSAL, an Attorney at Law of the State of Minnesota.**

No. C1–80–50969.

Supreme Court of Minnesota.

May 5, 1983.

ORDER OF SUSPENSION BY STIPULATION

The above-entitled matter is before this court upon petition of Lawyers Professional Responsibility Board, and

The petitioner and respondent have entered into a stipulation as to an interim disposition of this matter, and

This court being fully satisfied as to the terms and conditions of said stipulation,